IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST C. SMALLWOOD, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:11-CV-1283-D |
| VS. § | |
| § | |
| BANK OF AMERICA, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendants Bank of America, N.A. and Bank of New York move to dismiss plaintiffs' first amended complaint. Plaintiffs Ernest C. Smallwood and Eartha Smallwood move to realign the parties and for leave to file a second amended complaint. The court grants the Smallwoods' motion for leave to amend their complaint and denies their motion for realignment. Because the court is granting the Smallwoods leave to amend their complaint, it denies defendants' motion to dismiss without prejudice as moot.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

The court considers first the Smallwoods' motion for leave to file second amended complaint.[2]

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)( 2). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The court can consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Smallwoods filed their motion for leave to amend on September 12, 2011, before the September 14, 2011 deadline specified in the scheduling order. When, as here, a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.).

---

[2]Defendants responded to this motion on October 3, 2011. The Smallwoods' reply brief is not due until October 17, 2011. As permitted by N.D. Tex. Civ. R. 7.1(f), the court in its discretion is deciding this motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

Defendants oppose the Smallwoods' motion, contending that the proposed amendments are futile for several reasons. But as this court has frequently noted,

> the court's almost unvarying practice when futility is raised is to address the merits of the claim . . . in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Id*. at *1-2 (quoting *Sells v. Six Flags Over Tex., Inc.*, No. 3:96-CV-1574-D, slip op. at 2 (N.D. Tex. Oct. 17, 1996) (Fitzwater, J.) (internal quotation marks omitted)). Accordingly, the court will not deny the Smallwoods leave to amend based on futility.

Defendants also argue that the Smallwoods' efforts to amend their complaint "are simply an effort to delay foreclosure on a property in which [they have] not made a monthly payment since 2007," and that the proposed amendments thus "constitute bad faith, result in undue delay, and cause unnecessary expense on the part of Defendants responding to such claims." Ds. Br. 3. But the court has denied the Smallwoods' motion for a temporary restraining order to stop the October 2011 foreclosure sale, the Smallwoods filed their motion for leave to amend before the court-ordered deadline, and defendants have failed to demonstrate that permitting the Smallwoods to amend their complaint will result in undue delay or unnecessary expense.

Accordingly, the court grants the Smallwoods' motion for leave to file a second amended complaint. They must file the amended complaint within 14 days of the date this memorandum opinion and order is filed.

II

The court next addresses the Smallwoods' motion for realignment.

It is well-settled that "[p]roper alignment of parties lies within the discretion of the court." *State Farm Fire & Cas. Co. v. Woods*, 1997 WL 680844, at *1 (5th Cir. 1997) (unpublished opinion) (citing *Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 625 (5th Cir. 1994)). "It is elemental that the party who files a lawsuit is designated as the plaintiff." *Ericsson Inc. v. Harris Corp.*, 1999 WL 604827, at *2 (N.D. Tex. Aug.11, 1999) (Fitzwater, J.). "This designation is based on the party's burden to prove the claims initially asserted in the lawsuit." *Id.* "A court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant." *Id.*

The Smallwoods filed this lawsuit asserting claims under the Texas Deceptive Trade Practices-Consumer Protection Act, the Texas Consumer Credit Code/Texas Debt Collection Practices Act, and Texas common law. Defendants have not counterclaimed, and the Smallwoods will bear the burden of proof on all their claims. Accordingly, the Smallwoods have failed to demonstrate grounds to realign the parties, and their motion is denied.

III

Because the court is granting the Smallwoods leave to file a second amended complaint, defendants' motion to dismiss, which is addressed to the Smallwoods' first amended complaint, is denied without prejudice as moot. *See, e.g., Mangum v. United*

*Parcel Servs.*, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009) (Fitzwater, C.J.) (denying as moot motion to dismiss after plaintiff filed amended complaint).

* * *

Accordingly, the court grants the Smallwoods' September 12, 2011 motion for leave to file second amended complaint, denies the Smallwoods' August 8, 2011 motion for realignment, and denies without prejudice as moot defendants' August 1, 2011 motion to dismiss. The Smallwoods must file their second amended complaint within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

October 17, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE