IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST C. SMALLWOOD, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:11-CV-1283-D |
| VS. | § |
| | § |
| BANK OF AMERICA, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Defendants Bank of America, N.A. ("BOA") and Bank of New York ("BONY"), as trustee, move under Fed. R. Civ. P. 12(b)(6) to dismiss this *pro se* action by Ernest C. Smallwood ("Ernest") and Eartha Smallwood (collectively, the "Smallwoods") arising from the foreclosure of their residence. For the reasons that follow, the court grants the motion but also allows the Smallwoods to replead.

I

The Smallwoods bring this lawsuit against BOA and BONY alleging claims for (1) false pretenses/false representations and actual fraud; (2) violations of §§ 17.46 and 17.50 of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. (West 2011); (3) violations of §§ 392.302, 392.304(a)(4), and 302.304(a)(8) of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. (West 2006); and (4) common law unreasonable collection efforts. The only facts the Smallwoods allege

in their second amended complaint ("complaint") in support of their claims are as follows.[1] On or about June 12, 2006, Ronald Brown ("Brown"), an employee of Countrywide Home Loans, Inc. ("Countrywide"), filled out the Smallwoods' application ("Application") to refinance their home mortgage with Countrywide. Brown stated on the Application that Ernest is white, his monthly income was $75,000, and he had never filed for bankruptcy. The complaint alleges that, contrary to what Brown represented, Ernest is African-American, he never made $75,000 per month in income, and he had filed for bankruptcy within seven years of June 2006. The complaint asserts that Ernest refused to sign the Application containing false information, Countrywide refused to take another application, and the Smallwoods were unable to refinance their mortgage as a result.

II

A

In deciding defendants' Rule 12(b)(6) motion, the court evaluates the sufficiency of the Smallwoods' complaint by "accept[ing] all well- pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*,

---

[1] In deciding defendants' Rule 12(b)(6) motion, the court construes the Smallwoods' complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). In addition, because the Smallwoods are proceeding *pro se*, the court construes the allegations of their complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive defendants' motion, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Because the Smallwoods are proceeding *pro se*, the court construes the allegations of their complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).

III

The court considers first whether the Smallwoods have stated a claim for fraud on which relief can be granted.[2]

A

Defendants move to dismiss the Smallwoods' fraud claim on the ground that it is barred by the statute of limitations. Limitations is an affirmative defense. *See* Rule 8(c)(1). "'Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). In other words, defendants are not entitled to dismissal under Rule 12(b)(6) unless the Smallwoods have "pleaded [themselves] out of court by admitting to all of the elements of the defense." *Sivertson*, 2011 WL 4100958, at *3. The Smallwoods have done so in their complaint.

Under Texas law, the statute of limitations for a fraud claim is four years. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 2002) ("A person must bring suit on [a fraud cause

---

[2]The Smallwoods allege claims for "false pretenses/false representations" in addition to their claim for actual fraud. Because Texas courts do not recognize a civil cause of action for either "false pretenses" or "false representations," the court will treat these claims as subsumed within the Smallwoods' common law fraud claim.

of action] not later than four years after the day the cause of action accrues"). The only facts the Smallwoods plead in support of their fraud claim are the alleged misrepresentations by Brown in connection with the June 12, 2006 Application. Because the statute of limitations for this claim expired on June 12, 2010—nearly one year before the Smallwoods filed this lawsuit—the claim is barred by limitations and is therefore dismissed.

B

Even if the fraud claim were not time barred, it is also subject to dismissal on the basis that the complaint does not plead a plausible fraud cause of action.

Although it is difficult to determine from the complaint what is the basis for the fraud claim, it appears the Smallwoods intend to allege that, when Brown assisted them in filling out the Application, he misrepresented the Smallwoods' personal and financial information, the Smallwoods refused to sign the Application, Countrywide refused to accept a new application, and the Smallwoods were unable to refinance their mortgage as a result. Under Texas law, the Smallwoods must plead sufficient facts to allow the court to draw the reasonable inference that defendants

> (1) made a material representation, (2) that was false when made, (3) [they] knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion, (4) [they] made the representation with the intent that [the Smallwoods] should act upon it, and (5) [the Smallwoods] acted in reliance upon it and suffered injury as a result.

*Jacobs v. Tapscott*, 2006 WL 2728827, at *3 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 322

(5th Cir. 2002)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).  The complaint does not allege that Brown knew the representations in the Smallwoods' Application were false.  Nor does the complaint assert that the Smallwoods acted in reliance upon the alleged misrepresentations in their Application.  Instead, the complaint alleges that the Smallwoods refused to sign the Application that contained the allegedly false information.  In other words, the complaint specifically alleges that the Smallwoods *did not* act in reliance on Brown's alleged misrepresentations.

Moreover, as pleaded, the "injury" the Smallwoods allegedly suffered—the failure to obtain refinancing of their home mortgage—was caused *not* by the alleged misrepresentations in their Application, but rather by their refusal to sign and submit the Application and Countrywide's refusal to accept a new application.

Because the fraud claim is barred by the four-year statute of limitations and is otherwise insufficiently pleaded, the court grants defendants' motion to dismiss this claim.

IV

The court now addresses the Smallwoods' DTPA claim.

The complaint alleges that Countrywide, now BOA, violated § 17.46(b)(12) of the DTPA by "[r]epresenting that an agreement confers or involve[s] rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."  Compl. 3 (quoting Tex. Bus. & Comm. Code Ann. § 17.46(b)(12)).  But the complaint does not allege any supporting facts.  Assuming the "agreement" on which the Smallwoods base their DTPA claim is the mortgage they obtained from Countrywide, they have failed to allege any facts

from which the court can infer the defendants misrepresented the rights, remedies, or obligations conferred by the mortgage agreement.[3] The Smallwoods' mere recitation of the language in the statute is akin to "'a formulaic recitation of the elements of a cause of action,'" *Iqbal*, 129 S. Ct. 1949 (quoting *Twombly*, 550 U.S. 555) and is therefore insufficient to state a claim for relief. Accordingly, the court dismisses the Smallwoods' DTPA claim.

V

The Smallwoods also allege that defendants violated the TDCPA. The complaint asserts that defendants misrepresented amounts that the Smallwoods allegedly owed, in violation of Tex. Fin. Code Ann. § 392.304(a)(8). The Smallwoods do not plead any facts, however, to support this allegation. The court cannot discern from the complaint which, if any, of the two defendants allegedly misrepresented amounts owed by the Smallwoods. Nor does the complaint provide the court with sufficient factual details to allow it to draw the reasonable inference that BOA or BONY is liable for a misrepresentation. For example, the court cannot determine from the complaint the amount that it was represented the Smallwoods owed compared to what they actually owed, or by what means the alleged misrepresentation was made. The allegations are too conclusory to state a claim on which

---

[3]To the extent the Smallwoods intend to allege that BOA had no right to collect mortgage payments that they owed on the Countrywide mortgage, they have failed to plead supporting facts in their complaint. Moreover, as explained below, *see infra* § VI, the complaint does not make a plausible showing that BOA is unable to collect on a note that it acquired from Countrywide.

relief can be granted, even when viewed liberally due to the Smallwoods' *pro se* status.

The Smallwoods also cite Tex. Fin. Code Ann. § 392.304(a)(4) and appear to allege that defendants failed to clearly disclose the identities of individuals who contacted them. The complaint, however, alleges no specific instance in which either defendant contacted the Smallwoods but failed to disclose the identity of the person making contact. Again, the complaint fails to support this allegation with any facts from which the court can draw the reasonable inference that either of the two named defendants is liable for this conduct.

Finally, the complaint alleges that defendants violated Tex. Fin. Code Ann. § 392.302 by using "oppressive, harassing, and abusive practices." Compl. 5. Section 392.302, however, prohibits specific conduct such as the use of profane language and assorted telephone practices. *See* Tex. Fin. Code Ann. § 392.302. The complaint does not allege facts that would permit the court to draw the reasonable inference that any prohibited practice occurred. Even viewed liberally and considering the entire complaint, the court has located no facts that would support a claim under this provision of the TDCPA.

Accordingly, the court dismisses the Smallwoods' TDCPA claim.

VI

Finally, the court considers the Smallwoods' claim under Texas common law for unreasonable collection efforts.

To state a claim for relief on this basis, the Smallwoods must plead facts that allow the court to draw the reasonable inference that defendants' debt collection efforts "amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental

relief can be granted, even when viewed liberally due to the Smallwoods' *pro se* status.

The Smallwoods also cite Tex. Fin. Code Ann. § 392.304(a)(4) and appear to allege that defendants failed to clearly disclose the identities of individuals who contacted them. The complaint, however, alleges no specific instance in which either defendant contacted the Smallwoods but failed to disclose the identity of the person making contact. Again, the complaint fails to support this allegation with any facts from which the court can draw the reasonable inference that either of the two named defendants is liable for this conduct.

Finally, the complaint alleges that defendants violated Tex. Fin. Code Ann. § 392.302 by using "oppressive, harassing, and abusive practices." Compl. 5. Section 392.302, however, prohibits specific conduct such as the use of profane language and assorted telephone practices. *See* Tex. Fin. Code Ann. § 392.302. The complaint does not allege facts that would permit the court to draw the reasonable inference that any prohibited practice occurred. Even viewed liberally and considering the entire complaint, the court has located no facts that would support a claim under this provision of the TDCPA.

Accordingly, the court dismisses the Smallwoods' TDCPA claim.

VI

Finally, the court considers the Smallwoods' claim under Texas common law for unreasonable collection efforts.

To state a claim for relief on this basis, the Smallwoods must plead facts that allow the court to draw the reasonable inference that defendants' debt collection efforts "amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental

anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App. 2008, no pet.) (citations and quotation marks omitted). The complaint alleges that defendants interfered with the Smallwoods' ability to refinance their home mortgage; made repeated demands for payment without providing an accounting; refused the Smallwoods' request to produce a copy of the note; and refused to recognize payments that had been made on the Smallwoods' mortgage by charging late fees, continuing to insist on payment for such amounts, and placing the property in foreclosure.[4] So far as the court can determine from a liberal construction of the complaint, the allegations that support the unreasonable collection efforts claim arise out of the same contention found in the Smallwoods' brief in opposition to defendants' motion to dismiss: that BOA is not the lender on their mortgage.[5] But the Smallwoods allege in their complaint that Countrywide (presumably the original lender) is now BOA. And in their response to defendants' motion to dismiss, they assert that they made their last payment to Countrywide in December 2007. They do not allege that they

---

[4]The Smallwoods also allege defendants have "slandered [their] credit reputation, defamed their credit and exposed them to ridicule in the community," but have failed to allege any facts in support of these conclusory allegations. Compl. 7.

[5]The Smallwoods assert in their response brief:

> [The] Smallwood[]s do not have, or at any time had, a relationship with the named defendants in this case. [BOA] purchased Countrywide on July 1, 2008, and four (4) years later Defendants [are] trying to foreclose on a note that the Plaintiffs do not owe. As on record, the Plaintiff[s'] last payment was made to Countrywide in December 2007.

Ps. Br. 1.

have paid the mortgage in full.  Nor do they otherwise allege facts from which the court can draw the reasonable inference that they had satisfied their loan obligation to BOA such that it would be "willful, wanton, [and] malicious" for BOA to continue to seek mortgage payments from them or to place the property in foreclosure after the Smallwoods failed to make the required mortgage payments.  And the Smallwoods have not pleaded facts from which the court can draw the reasonable inference that BOA was precluded from taking steps to recover on a note that it acquired from Countrywide.  As such, they have not adequately alleged the type of "willful, wanton, [and] malicious" conduct necessary to support a claim for unreasonable collection efforts.[6]  *Cf.*, *e.g.*, *EMC Mortg.*, 252 S.W.3d at 864-65 (holding that collection efforts were unreasonable where mortgage company accidentally foreclosed on plaintiff's property, sent "very large, intimidating man" to plaintiffs' property who, "yelling and screaming, demanded the keys to the house, and told the [Plaintiff's] family to get out," sent eviction letter giving plaintiffs three days to vacate property, did not rescind erroneous foreclosure sale until four months after representing to plaintiffs that it had done so, and caused plaintiffs' property to be uninsured for six months); *Pullins v. Credit Exch. of Dall., Inc.*, 538 S.W.2d 681, 682-83 (Tex. Civ. App. 1976, writ ref'd n.r.e.) (holding that repeated and harassing efforts to collect $50 debt were unreasonable once debtor informed

---

[6] The Smallwoods' allegations that defendants' acts "were conducted maliciously, willfully and with wanton and gross disregard for the rights of the Plaintiffs," Second Am. Compl. 8, is the type of "'formulaic recitation of the elements of a cause of action,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555), that courts have held insufficient to state a claim for relief.

debt collector that debt had been paid in full).

VII

Because the Smallwoods are proceeding *pro se*, the court will grant them leave to replead. *See, e.g., Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb.13, 2008) (Fitzwater, C.J.) (quoting *Barber v. G.H. Rodgers*, No. CA3- 84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.)). They must file their third amended complaint within 30 days of the date this memorandum opinion and order is filed. But because of the number of times they have amended, the court does not suggest that they will be permitted to amend if their third amended complaint fails to state a claim on which relief can be granted.

* * *

For the foregoing reasons, the court grants defendants' November 7, 2011 motion to dismiss and also grants the Smallwoods leave to file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

January 6, 2012.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE

- 11 -